UNITED STATES, by DOWELL, Prosecutor, *v.* GRISWOLD.

(*District Court, D. Oregon.* May 3, 1887.)

1. JUDGMENTS—SATISFACTION—CROSS-JUDGMENTS—SET-OFF.
    By the practice at common law, a court might set off cross-judgments in the same or different actions, in the same or different courts, between substantially the same parties, on the application of either to enter satisfaction in both actions for the amount of the smaller debt.

2. CLAIMS AGAINST UNITED STATES—SET-OFF—JUDGMENT.
    The authority to settle claims due to and from the United States by setting one off against the other, as provided in the act of March 3, 1875, (18 St. 481,) is thereby conferred exclusively on the secretary of the treasury; and this court is not authorized to set off a claim allowed in the treasury department to the defendant in this action against the judgment therein.

(*Syllabus by the Court.*)

Action to Recover Damages and Penalties.
*James K. Kelly*, for the motion.
*M. C. George*, *contra*.

DEADY, J. On July 30, 1879, a judgment was given in this court in the *qui tam* action of the United States, by B. F. Dowell, prosecutor, against William C. Griswold, for $35,228, with costs and disbursements, amounting to $2,875.60, on account of certain forfeitures and damages incurred by him in knowingly making, presenting, and obtaining payment from the treasury of the United States, in January, 1874, of certain false and forged claims, contrary to section 5438 of the Revised Statutes. Afterwards divers sums were collected and credited on the

judgment, so that on May 9, 1885, there was still due thereon the sum of $23,576. On this day the district attorney, acting under the direction of the solicitor of the treasury, filed an amended motion in this court for leave to enter satisfaction of the judgment, in pursuance of an attempted compromise of the debt by the secretary of the treasury under section 3469 of the Revised Statutes, on the payment by Griswold of the paltry sum of $100, notwithstanding the sum of $2,104.32 was then lying in the treasury to his credit. The motion was denied on the ground that the action was under the control of the prosecutor, B. F. Dowell, both for himself and the United States, while the one-half of the judgment is his private property. See *U. S.* v. *Griswold*, 24 Fed. Rep. 361. And, on error to this court, this ruling was affirmed by the circuit judge on April 13, 1887. On March 30, 1887, the prosecutor filed a motion in this court to have this $2,104.32, the amount of seven Oregon and Washington Indian war claims then allowed and due said Griswold as assignee from the United States, set off against said judgment, under the act of March 3, 1875. 18 St. 481. Due notice of the motion was given to William C. Griswold, and William T., his son, J. H. Alberts, and George B. Miller, and thereafter it was argued by counsel and submitted.

It appears, from the papers and documents accompanying the motion, that on January 16, 1879, the secretary of the treasury reported the claims in question, with others, to congress for appropriation, (H. R. Ex. Doc. No. 30, 45 Cong. 3 Sess.;) and afterwards, on March 3, 1879, congress appropriated the money for their payment. 20 St. 423. One of these claims originally belonged to Timoleon Love, who sold it to George B. Miller, who appears to have subsequently assigned it to Griswold. Miller now claims that Griswold imposed on him by procuring him to sign an absolute sale and assignment of the claim, when, in fact, he only proposed to assign the claim for collection. However, he now consents, through counsel for the motion, to the application of the same on the judgment, with the understanding that Dowell will settle with him.

It is also claimed by counsel opposed to the motion that Griswold has assigned the claims to Alberts, which appears to be formally true. On November 18, 1880, the second comptroller reported to the secretary of the treasury that the money due on these claims was payable to Griswold, as assignee of the original owners, and not to Alberts, his assignee, on the ground that, the assignment to Griswold having taken place before the United States assumed the indebtedness, the case was not within the prohibition against the assignment of a claim upon the United States contained in section 3477 of the Revised Statutes, while the assignment to Alberts was. On November 30, 1880, the secretary of the treasury instructed the third auditor to "settle" the cases, and to deposit any amount then due to Griswold, or which was due to him at any time after "the right of offset on his indebtedness to the government attached, to his credit in the treasury of the United States." In view of the pendency of this action against Griswold, proceedings on these claims had been suspended by direction of the secretary prior to this time. Letter

of A. M. Gangewer, acting third auditor, to J. K. Upton, assistant secretary of the treasury, October 21, 1880.

The act of March 3, 1875, above referred to, provides "that, when any final judgment recovered against the United States, or *other claim duly allowed by legal authority*, shall be presented to the secretary of the treasury for payment, and the plaintiff or claimant therein shall be indebted to the United States in any manner, whether as principal or surety, it shall be the duty of the secretary to withhold the payment of an amount of such judgment or claim equal to the debt thus due the United States; and if such plaintiff or claimant assents to such set-off, and discharges his judgment or an amount thereof equal to said debt or claim, the secretary shall execute a discharge of the debt due from the plaintiff to the United States."

The act also provides that, in case the party denies his indebtedness, or refuses to consent to the set-off, then the secretary shall withhold payment of sufficient of the judgment or claim due from the United States to secure the debt due the United States, and shall enforce the same by legal proceedings. In common-law courts it is the established practice to set off cross-judgments in the same or different actions, in the same or different courts, between substantially the same parties, on a rule or order obtained on the summary application of either party to enter satisfaction in both actions for the amount of the smaller debt. Whart. Law Dict. "Set-Off;" Rap. & L. Law Dict. "Set-Off;" 1 Chit. Pl. 608.

I see no good reason why a case like this should not be included in this practice. The party seeking to have the set-off made has a judgment in its favor on which it proposes to apply a debt admitted to be due from it to the judgment debtor. In effect, the proceeding is a credit by the United States of the amount due the judgment debtor on the judgment. But the act of 1875 appears to have committed this matter to the action of the secretary of the treasury; and, as this is a case in which the debt due the United States is already established by the judgment of this court, the secretary may at once apply the sum found due by the United States to Griswold, in part payment of the judgment, and disburse the same to the prosecutor, who, as the owner of the judgment, will therefore become entitled to the money. When this is done, on the presentation in this court of a transcript of the treasury proceeding, an order will be made directing the clerk to credit the defendant with a payment on the judgment to that amount.

The fact that the claim of the United States against Griswold has been reduced to judgment renders the assent of the latter to the set-off unnecessary. The amount of Griswold's claim has been established by the accounting officers of the treasury, and that of the United States by the judgment of this court. It only remains for the secretary to apply the former in payment of the latter, as directed by the statute.